Howard S. Schrader (HS 1263)
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500

Attorneys for Petitioner
COLT TELECOM A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
In the Matter of the Arbitration between :

COLT TELECOM A/S, :

          Petitioner, : CIVIL ACTION No. 07 CV 6007 (S/m)

and :

FRONTLINE COMMUNICATIONS
INTERNATIONAL, INC., :

          Respondent. :
------------------------------------ X

### PETITION FOR AN ORDER CONFIRMING FOREIGN ARBITRATION AWARD

Petitioner COLT Telecom A/S ("COLT"), by its attorneys, DLA Piper US LLP, for its petition, pursuant to 9 U.S.C. § 201, et seq., petitions for the confirmation of a foreign arbitral award issued in its favor and against Respondent Frontline Communications International, Inc. ("Frontline"), and alleges:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction to decide this petition to confirm an arbitration award and to grant the relief it seeks pursuant to 28 U.S.C. § 1331 and § 1332, and 9 U.S.C. §§ 201, 202, 203 and 207 (Chapter 2 of the Federal Arbitration Act on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958).

2. Venue is proper in this Court pursuant to 9 U.S.C. § 204.

## THE PARTIES

3. Petitioner COLT is a corporation organized under the laws of Denmark with its principal place of business at Borgmeister Christiansengade 55, DK 2450 Copenhagen CV, Denmark.

4. Respondent Frontline is a corporation established under the laws of New York with its principal place of business at 150 East 58th Street, 28th Floor, New York, New York 10155.

## ARBITRATION AGREEMENT

5. On September 1, 2004, the petitioner and the respondent entered into an Interconnect Agreement (the "Interconnect Agreement") pursuant to which the parties agreed to provide to each other certain "Call Conveyance services," involving the international routing of telecommunications traffic. (See accompanying Affirmation In Support of Petition of Howard S. Schrader, Esq. ("Schrader Aff.",) Exh. "A")

6. Clause 24.4 of the Interconnect Agreement provided that any controversies between the parties arising under the agreement would be submitted to binding arbitration.

> If the parties are unable to resolve a dispute in accordance with clause 24.2 [amicable resolution] the dispute will be resolved or settled at the written request of either party by arbitration. Such arbitration is to be concluded in accordance with the Rules of Procedure . . . established by the [International Chamber of Commerce ("ICC")] International Court of Arbitration (ICA).

## INITIAL LITIGATION

7. In 2005 a dispute arose between the parties concerning Frontline's credit risk and its significant increase in telecommunication traffic. Attempts to reach a commercial resolution were unsuccessful.

8. On June 7, 2005, Frontline filed a complaint against COLT in the New York State Supreme Court (the "Prior Action") seeking a preliminary injunction barring COLT to reduce its telecommunication services, among other claims.

9. On June 10, 2005, COLT removed the Prior Action to this Court.

10. On June 17, 2005, the parties reached an agreement on the terms of a limited settlement and executed a term sheet (the "TRO Settlement Agreement") in which Frontline would make several payments against the amounts it owed for services already provided to it, and the services provided by COLT would be ramped down and eventually terminated in an orderly fashion.

11. On June 17, 2005, Frontline voluntarily dismissed the action.

12. Additional disputes arose among the parties. On July 13, 2005, COLT filed a Complaint in this Court against Frontline.

13. COLT claimed that Frontline owed it €2,227,093.5007 for its services under the Interconnect Agreement or, in the alternative, $100,000 for payments due under the TRO Settlement Agreement. COLT also claimed that Frontline owed it interest on the payments at the rate of 1.5% per month.

14. On November 9, 2005, the Court granted a motion by Frontline to compel arbitration and dismiss the Complaint. (Schrader Aff., Exh. "B")

## ARBITRAL PROCEEDINGS

15. On November 21, 2005, COLT filed a Request for Arbitration and Points of Claim with the International Court of Arbitration of the International Chamber of Commerce (the "ICC Court").

16. On November 29, 2005, COLT filed an Amended Request for Arbitration.

17. On February 2, 2005, Frontline, through its counsel, Hodgson Russ LLP, filed an Answer to COLT's Amended Request for Arbitration.

18. Frontline continued to participate in the proceedings before the ICC Court through October 2006.

19. On September 7, 2006, Hodgson Russ withdrew as counsel to Frontline in the ICC proceedings, and asked that all notices and correspondence be directed to Mel Cooper, the President of Frontline.

20. On October 26, 2006, Frontline wrote to the ICC Tribunal requesting an extension of 45 days in which to retain new counsel. Frontline did not subsequently communicate with the ICC Tribunal.

21. On December 18, 2006 the ICC Tribunal held a hearing with respect to COLT's Petition. Despite numerous attempts to provide notice of the hearing to Frontline, Frontline did not attend the hearing and failed to provide any reason for its absence.

## THE ARBITRAL AWARD

22. On May 31, 2007, the ICC Court issued an award (the "Award") in favor of COLT. The original Award, as executed by the Arbitrators, is attached to the Schrader Affirmation as Exh. "C". The Award ordered Frontline to pay COLT the following sums:

    (a) The net balance of its unpaid invoices the amount of €2,227,093.57.

    (b) Interest on the principal amount of €2,227,093.57 at 18% per annum, from August 31, 2005 up to the date of the award, and thereafter until final payment, also at the contractual rate of 18% per annum on any principal amount outstanding.

    (c) Payment for the administrative expenses of the ICC Court and the Arbitral Tribunal's fees and expenses, which COLT paid as the advance on costs, in the amount of $225,000; and

(d)   COLT'S reasonable legal fees and disbursements incurred in the arbitration the amount of £195,000.

23.   The Award is final, binding and remains unsatisfied.

## CONFIRMATION OF THE AWARD

24.   COLT restates the allegations of paragraphs 1 through 23 above.

25.   Pursuant to 9 U.S.C. § 207, any party seeking to confirm a foreign arbitral award under the New York Convention may do so provided that the award: (a) falls under the New York Convention; (b) was issued less than three years ago; and (c) does not fall under any of the exception in the New York Convention for which confirmation may be refused.

26.   Under 9 U.S.C. § 202, an award falls under the New York Convention if the arbitral award arose from a commercial legal relationship between parties from separate countries that are signatories to the New York Convention.

27.   The Award arose out of an agreement between COLT and Frontline that contains an agreement to arbitrate all disputes under the auspices of the ICC.

28.   COLT and Frontline are from Denmark and the United States respectively. Both countries are signatories to the New York Convention.

29.   The ICC Court issued the Award less than three years ago.

30.   The Award does not fall under any of the exceptions to the New York Convention for which confirmation may be refused.

31.   Since the time that the arbitration award was made, Frontline has failed and refused to voluntarily satisfy the award. Therefore, a judgment on the arbitration award is needed to permit COLT to enforce it.

**WHEREFORE**, Petitioner COLT Telecom A/S requests confirmation of the Award and entry final judgment thereon in its favor and against Respondent Frontline Communications

International, Inc., based upon the currency exchange rate published in the Wall Street Journal for the day preceding the Petition, together with interest, costs and such other relief as to which Petitioner may be entitled.

Dated: New York, New York.
      June 25, 2007

Respectfully submitted,

DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500

By: _____
Howard S. Schrader (HS 1263)
Attorneys for Petitioner
COLT Telecom A/S

v